UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

EMMA DOE, ET AL.                                          CIVIL ACTION

v.                                                        NO. 12-1670

JAMES CALDWELL, ET AL.                                    SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiffs' motion to proceed with briefing schedule and district court proceedings. For the reasons that follow, the plaintiffs' motion is DENIED.

**Background**

This putative class action lawsuit follows this Court's March 29, 2012 ruling in Doe v. Jindal, 851 F. Supp. 2d 995 (E.D. La. 2012), in which the Court declared that Louisiana's sex offender registry law, which mandates sex offender registration by individuals convicted of violating the State's Crime Against Nature by Solicitation statute, but not those convicted for the identical sexual conduct under the Prostitution statute, deprived individuals of Equal Protection of the laws; the nine plaintiffs in Doe I have since been relieved by the State of their sex offender registration obligations.[1] In this new lawsuit, the plaintiffs and proposed

---

[1] The facts underlying the Equal Protection challenge advanced in Doe I are more completely set forth in that opinion. 851 F. Supp. 2d 995 (E.D. La. 2012). In Louisiana, the solicitation of oral or anal sex for compensation can be prosecuted under two statutes: the solicitation provision of the Prostitution

1

statute and the Crime Against Nature by Solicitation statute.  The solicitation provision of the Prostitution statute outlaws "[t]he solicitation by one person of another with the intent to engage in indiscriminate sexual intercourse with the latter for compensation."  La.R.S. 14:82(A)(2).  The Prostitution statute defines "sexual intercourse" as "anal, oral, or vaginal sexual intercourse."  La.R.S. 14:82(B).  The Crime Against Nature by Solicitation statute forbids "solicitation by a human being of another with the intent to engage in any unnatural carnal copulation for compensation."  La.R.S. 14:89.2(A).  "Unnatural carnal copulation" is defined as oral or anal sexual intercourse. See, e.g., Louisiana v. Smith, 766 So.2d 501, 504-05 (La. 2000).

On February 15, 2011 nine plaintiffs, proceeding pseudonymously, sued the defendants in their official capacities under 42 U.S.C. § 1983 to challenge the constitutionality of Louisiana's mandatory inclusion of one particular crime on the State's sex offender registry, the Crime Against Nature by Solicitation statute. This Court determined that there was no rational legislative purpose in requiring registration as a sex offender for persons convicted for violation of Crime Against Nature by Solicitation when conviction for the same sexual conduct under the identical solicitation provision of Louisiana's Prostitution statute commanded no sex offender registration.  See Doe I.

On June 27, 2012, several plaintiffs, proceeding pseudonymously, on their behalf and on behalf of others similarly situated, sued the defendants in their official capacities under 42 U.S.C. § 1983 in this Court.  These plaintiffs allege that they and the class they seek to represent are identically situated to the prevailing plaintiffs in Doe I.  Plaintiffs allege that:

> The[se] defendants, by continuing to require plaintiffs and all other individuals similarly situated to register as sex offenders, are violating the rights guaranteed to the named plaintiffs and the plaintiff class under the Fourteenth Amendment to the United States Constitution.  Plaintiffs seek a judgment declaring that the defendants' actions violate the rights of individuals required to register as sex offenders pursuant to a CANS conviction to the equal protection of the laws and applying this Court's prior ruling to the entire class of individuals whose rights are so violated.  Plaintiffs further seek an injunction compelling defendants to remove

2

class members now challenge the requirement that, notwithstanding Doe I, the State claims to be without the authority to act and they continue to face mandatory sex offender registration as a result of their convictions for Crime Against Nature by Solicitation.

The facts of this case are more completely set forth in this Court's December 20, 2012 Order and Reasons, in which the Court denied the defendants' motion to dismiss; in particular, the Court held that the *Ex parte Young* exception to sovereign immunity applied, that the plaintiffs demonstrated that they have standing to bring their claim, and that the plaintiffs stated an Equal Protection claim under 42 U.S.C. § 1983 sufficient to withstand the defendants' Rule 12(b)(6) challenge. See Doe v. Caldwell, --- F. Supp. 2d ---, No. 12-1670, 2012 WL 6674415 (E.D. La. Dec. 20, 2012). Although the plaintiffs had also requested class certification and summary judgment, the Court determined that these motions and issues were not adequately briefed. See id. That same day, on December 20, the Court reset the hearing on the plaintiffs' motions for summary judgment and for class certification, and ordered that the parties comply with a special briefing schedule in advance of the April 10, 2013 hearing date. Shortly thereafter, on January 3, 2013 the defendants filed an interlocutory appeal to the

---

plaintiffs and all other individuals similarly situated from the sex offender registry and to expunge all records signaling their past inclusion on the registry.

U.S. Court of Appeals for the Fifth Circuit, challenging this Court's determination that the *Ex parte Young* exception to sovereign immunity applies. It is the defendants' pending appeal of this Court's ruling on sovereign immunity that has prompted the plaintiffs to now request that the Court certify the defendants' appeal as frivolous so as not to delay this case, and require that the parties adhere to the Court's briefing schedule in connection with the plaintiffs' motions for class certification and for summary judgment, notwithstanding the defendants' interlocutory appeal.

I.
A.

The plaintiffs want the Court to continue to require the parties to adhere to the briefing schedule on the motions for class certification and summary judgment, pending the defendants' interlocutory appeal to the Fifth Circuit on the sovereign immunity issue. They suggest that the Court may, in its discretion, certify that the defendants' interlocutory appeal on immunity grounds is frivolous and thereby continue to determine the merits of the case notwithstanding the pending appeal.

On the other hand, the defendants request that the Court deny the plaintiffs' motion, given that the Court has been divested of jurisdiction once the notice of appeal was filed. Moreover, the defendants suggest that the Fifth Circuit has not expressly allowed for the exercise of dual jurisdiction in circumstances such as

these: the defendants insist that the Fifth Circuit has not adopted the practice of allowing district courts to certify collateral order appeals on immunity grounds as frivolous and to proceed on the merits while the appeal is pending; even if such a practice were permitted, the defendants suggest that the plaintiffs have failed to show that the defendants' appeal is frivolous.

*B.*

The Court declines the plaintiffs' invitation to exercise its discretion to certify the defendants' appeal as frivolous. It is undisputed that this Court was divested of jurisdiction when the defendants filed their notice of interlocutory appeal. See, e.g., Williams v. Brooks, 996 F.2d 728, 729-30 (5th Cir. 1993). It is likewise undisputed that the Fifth Circuit may well itself dismiss the defendants' appeal as frivolous, and that the plaintiffs could raise this issue in the already pending appeal. See 5TH CIR. R. 42.2 ("If upon the hearing of any interlocutory motion or as a result of a review under 5TH CIR. R. 34, it appears to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed.").

In response to the plaintiffs' characterization of the defendants' sovereign immunity argument as 'frivolous,' this Court indeed previously observed that the defendants' submission was "at best, a submission of tortured reasoning...." See Doe v. Caldwell, 2012 WL 6674415, at *11 n.10. On the other hand, the process that

the plaintiffs urge this Court to invoke seems appropriate only in extraordinary circumstances. This is especially so where, as here, the Court stopped short of deeming the defendants' submission frivolous and the plaintiffs' argument, while compelling, can be raised in the Fifth Circuit, which has jurisdiction over the pending appeal. Under the contentious circumstances presented by the parties and their counsel in this case, the Court declines to exercise its discretion to consider the merits of the plaintiffs' case while the defendants' appeal is pending.[2] Accordingly, IT IS ORDERED: that the plaintiffs' motion to proceed with briefing schedule and district court proceedings is DENIED, and this matter is hereby stayed until counsel moves to reopen the case upon resolution of the appeal. As always, all counsel should be mindful of their professional obligations under Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927.

New Orleans, Louisiana, February 20, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] It may well be that by this tactic the defendants will have in the end increased the plaintiffs' claim for attorneys' fees and costs, but that is not a concern of this Court. And whether defendants' conduct is ultimately deemed frivolous will be decided by the appellate court so that this Court's impartiality will not be questioned by making such a finding.